114 F.3d 1196
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Steven COTTON, Defendant-Appellant.
 No. 95-50203.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 6, 1997.*
Decided May 21, 1997.
 
 Before: MAGILL,** RYMER, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 The parties are familiar with the facts of this case, and we will not give a detailed restatement here. Steven Cotton was convicted by a jury of three counts of money laundering, in violation of 18 U.S.C. § 1956(a)(1)(B)(i) (1994). On appeal, Cotton claims that: (1) the evidence is insufficient to support his convictions; (2) the district court erred when it instructed the jury to continue to deliberate after the jury indicated to the judge that it was deadlocked on all of the fifteen counts except one; and (3) the district court clearly erred by failing to find that Cotton was entitled to a U.S.S.G. § 3B1.2 minimal participant downward departure. We affirm.
 
 I.
 
 3
 Cotton argues that the evidence presented at trial was insufficient to convict him of three counts of money laundering. We disagree.
 
 
 4
 We will affirm a conviction if, "reviewing the evidence in the light most favorable to the Government, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." United States v. Hernandez, 105 F.3d 1330, 1332 (9th Cir.1997).
 
 
 5
 To prove Cotton guilty of money laundering, the government had to show that Cotton "1. [c]onducted a financial transaction with drug proceeds, 2. knew that the funds were drug proceeds, [and] 3. knew that the transaction was designed in whole or in part to conceal or disguise the nature, location source ownership, or control of drug proceeds." United States v. Golb, 69 F.3d 1417, 1421-22 (9th Cir.1995), cert. denied, 116 S.Ct. 1369 (1996); see also 18 U.S.C. § 1956(a)(1)(B)(i). Having reviewed the record, particularly the testimony of undercover FBI agent Ralph Jacoby and Cotton's collaborator Pete Dewey, we find that the government presented sufficient evidence to prove each element of the three money laundering counts of which Cotton was convicted.
 
 
 6
 Cotton also challenges the sufficiency of the evidence supporting his convictions by arguing that the evidence introduced at trial to prove the twelve counts of which he was found not guilty had a prejudicial "spillover effect." See Appellant's Br. at 11. This Court has held that "there is no problem of spillover when, as in this case, the defendant stands trial alone." United States v. Anguiano, 873 F.2d 1314, 1318 (9th Cir.1989). Cotton was tried alone. Accordingly, Cotton was not prejudiced by a "spillover effect."
 
 II.
 
 7
 Cotton argues that the trial court gave an improper Allen instruction that coerced the deadlocked jury into rendering a guilty verdict. We disagree.
 
 
 8
 Cotton incorrectly characterizes the district court's admonition as a "modified Allen charge." Appellant's Br. at 14. The district court did not give an Allen charge: the district court did not ask the jurors to give deference to each other's views. Rather, the district court merely encouraged the jurors to be patient with the deliberation process in light of the length and complexity of the trial. Furthermore, no other indicia of an Allen charge was present. Cf. Hernandez, 105 F.3d at 1334 (noting that the model Allen charge, Instruction No. 7.06, Ninth Circuit Manual of Model Jury Instructions (Criminal) 98-99 (West 1995), allows the district court to ask the jurors to reconsider the correctness of their opinion). Finally, the trial court's charge was not coercive.
 
 
 9
 To determine whether supplemental jury instructions were coercive, this Court looks to the following factors: (1) "the form of the jury charge;" (2) "the amount of time of deliberation following the charge;" (3) "the total time of deliberation;" and (4) "any other indicia of coerciveness or pressure." United States v. Estacio, 64 F.3d 477, 482 (9th Cir.1995), cert. denied, 116 S.Ct. 1356 (1996). Having reviewed the record, we find that the supplemental jury instruction was not coercive.
 
 III.
 
 10
 Finally, Cotton argues that the district court erred in finding that he was not a minor participant in the money laundering scheme, and that consequently the district court erred when it denied Cotton a U.S.S.G. § 3B1.2 downward sentencing departure. We disagree.
 
 
 11
 This Court reviews for clear error a district court's refusal to grant a U.S.S.G. § 3B1.2 mandatory downward sentencing departure based on the defendant's role in the offense. See United States v. Pinkney, 15 F.3d 825, 827 (9th Cir.1994). Having reviewed the record, we find that the district court did not clearly err.
 
 
 12
 For all of the foregoing reasons, we affirm.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 The Honorable Frank J. Magill, Senior Circuit Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation
 
 
 **
 * This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3